Dear Ms. Hunt:
You have requested an opinion from this office on the following questions:
"1. If a board member resigns before an annual meeting, can his term be considered inconsistent and be placed back on the board after the annual meeting is held? Our policy Manual states that "the term of office for each board member shall be limited to no more than three years and two consecutive terms."
Is this move considered unethical?
2. Will the Director of a Council on Aging, running for a public office have to take a leave of absence? Our policy manual states, "the board of directors must ensure that any employee who runs for public office takes a leave of absence for the period of time in which he is actively involved in the campaign. If elected, the employee shall not continue to be employed by the Council on Aging."
It is the opinion of this office, that a board member may not serve three (3) or more consecutive terms of office by resigning from his office during the second term. It is also the opinion of this office that the Office of Elderly Affairs may require the director of a council on aging or other employees of a council on aging to take a leave of absence while running for public office. Attorney General Opinion number 86-622 is recalled by this opinion.
Parish voluntary Councils on Aging are established under the authority of R.S. 46:1601 and 1602. Any five or more citizens of a parish may apply to the Governor's Office of Elderly Affairs for a charter for a parish voluntary Council on Aging. If the application is approved by the Office of Elderly Affairs then the Secretary of State issues a charter. Upon issuance of the charter the parish voluntary council on aging is authorized to receive public funds from any governmental or political subdivision. Each parish voluntary council must be "non-profit making and politically non-partisan and non-factional and shall be non-sectarian."
Under R.S. 46:1605 each parish voluntary Council on Aging "shall be governed by the policies and regulations established by the Office" [of Elderly Affairs].
A careful reading of R.S. 46:1601 — 1606 clearly indicate that councils on aging are authorized by the state for the purpose of assisting the Office of Elderly Affairs in administering, at the local level, the planning and delivery of services to the elderly of the various parishes. See R.S.46:1604. This position is further supported by R.S. 46:936 which is a statement of legislative intent. This statute provides:
"It is the intention of the legislature that, in so far as is practical and consistent with the efficient administration of State government, programs and services for the elderly population of Louisiana shall eventual be consolidated within the Office of Elderly Affairs, to be administered at the local level by the 64 parish voluntary Council's on Aging."
Further, unlike non-profit corporations established under the Louisiana corporation laws, (Title 12 of the Revised Statutes), a parish voluntary council on aging ceases to function under the provisions of Title 46 if its charter is revoked by the Office of Elderly Affairs. See R.S. 46:1604. For these reasons this office concludes that parish voluntary councils on aging are entities that must abide by the policies established by the Office of Elderly Affairs.
In opinion number 86-622 this office held that under Trout v. Kisatchie Delta Regional Planning and Development District, (W.D. La., 1982, #79-0075) an employee of a council on aging could not automatically be required to resign or take a leave of absence for campaigning or a public office. This conclusion in opinion number 86-622 is recalled because of the decision of the Fifth Circuit in McCormick v. Edwards, 646 F.2d 173 (5th Cir. 1981).
McCormick, an unclassified employee of the Capitol District Law Enforcement Planning District, actively campaigned for an individual who was a candidate for the office of mayor of Baton Rouge. McCormick was subsequently fired by Governor Edwards for continuing to participate in campaigning. McCormick sued claiming that he was unlawfully discharged because of his political activities. The Court of Appeals held that the State's interest in prohibiting its employees from engaging in political activities outweighs the employee's right to engage in the political activities. The Court noted that state and federal prohibitions against political activities have been uniformly upheld against constitutional challenges. Article 10 Section 9 of the Louisiana Constitution of 1974 prohibits employees in the classified service from engaging in political activities. The provision is similar to Article 14 Section 15 of the constitution of 1921. The prohibition in the Constitution of 1921 was upheld by the federal court in Mortillaro v. State of Louisiana,356 F. Supp. 521 (D.C. 1972).
The 5th Circuit Court of Appeals concluded by stating at page 173:
"Thus, state and federal governments can constitutionally discharge civil service employees for precisely the same activities engaged in by McCormick. It would be an anomaly for us to hold that Governor Edwards and Wingate White could not discharged McCormick, a non-civil servant serving at their will, for engaging in activities for which a civil servant could be discharged. McCormick's constitutional rights are no broader than those of other government workers."
It is, therefore, the opinion of this office that the State, through the Governor's Office of Elderly Affairs, may regulate the right of employees of parish voluntary councils on aging to engage in political activities.
In regards to question 1, you state that "the term of office for each board member shall be limited to no more than three years and two consecutive term." The term of an office is the period of time established by law that the person elected or appointed to the office is legally allowed to exercise that office. Once a person takes office he has held that office for that particular term even if he resigns or is removed from office before the completion of the term. If a person is prohibited from serving three or more consecutive terms then he cannot circumvent that prohibition by resigning during the second term and requalifying for the next term. If such action was allowed prohibitions regarding consecutive terms could be easily circumvented by the expediency of resigning shortly before the expiration of the last term and getting reappointed immediately at the beginning of the new term.
It is therefore the opinion of this office that a board member of a Council on Aging is prohibited by the regulations of Office of Elderly Affairs from serving more than two consecutive terms. A Board member may not circumvent this prohibition by resigning before the expiration of his second term and being immediately reappointed to serve a third term.
If you have any questions please feel free to call me.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: J. MARVIN MONTGOMERY Assistant Attorney General
JMM:rjh 0541p